UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:17-cv-22342-WILLIAMS-TORRES

ANDRES GOMEZ,

    Plaintiff,

v.

WALLACE CORPORATION
d/b/a Richmond Hotel
and www.richmondhotel.com

    Defendant.
_____/

**DEFENDANT WALLACE CORPORATION'S D/B/A RICHMOND HOTEL
ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT**

Wallace Corporation ("Defendant"), hereby submits its Answer and Affirmative Defenses to the Complaint [ECF No. 1] of Plaintiff, Andres Gomez (the "Plaintiff").

**GENERAL DENIAL**

Defendant denies any allegation, implication, or suggestion that it has committed a violation of or that Plaintiff is entitled to any relief pursuant to, Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. (the "ADA"), including, but not limited to, these in all unnumbered and numbered introductions, allegations, captions, titles, and paragraphs of the Complaint. Moreover, Defendant denies any liability to Plaintiff and denies any allegation not specifically admitted in this Answer. Defendant reserves the right to seek to amend and/or supplement its Answer as may be necessary.

**ANSWER**

Defendant responds to the individual numbered paragraphs of the Complaint by correspondingly numbered paragraphs, as follows:

## "INTRODUCTORY STATEMENT" RESPONSE

1. Defendant admits that the Plaintiff purports to bring this action to stop the marginalization of blind, vision impaired, and low vision patrons of Defendant's business but denies that Defendant engaged in any marginalization of blind, vision impaired, and low vision patrons of Defendant's business.

2. Paragraph 2 of the Complaint does not allege any allegation directed towards Defendant and therefore no response is required. To the extent a response were to be required, Defendant denies the allegations in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint does not allege any allegation directed towards Defendant and therefore no response is required. To the extent a response were to be required, Defendant denies the allegations in Paragraph 3 of the Complaint.

4. Defendant denies the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Defendant admits that the Complaint alleges and seeks declaratory and injunctive relief but denies that Plaintiff is entitled to any such relief and therefore, denies the allegations in Paragraph 6 of the Complaint.

## "JURISDICTION & VENUE" RESPONSE

7. Defendant admits that Plaintiff purports to bring an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181–12189 (the "ADA"), 28 U.S.C. § 1331, and 28 C.F.R. § 36.201, but denies that there are any valid grounds to support this action. Defendant therefore denies the allegations in Paragraph 7 of the Complaint.

8. Defendant admits that venue is proper in this Court, but denies any suggestion, implication, or allegation that it has violated the ADA in any way. Therefore, the allegations in Paragraph 8 of the Complaint are denied.

9. Defendant admits that Plaintiff purports to bring an action for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, but denies that Plaintiff is entitled to any such relief.

## "THE PARTIES" RESPONSE

**Andres Gomez**

10. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in Paragraph 10 of the Complaint, and therefore denies them.

11. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in Paragraph 11 of the Complaint, and therefore denies them.

12. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in Paragraph 12 of the Complaint, and therefore denies them.

**Wallace Corporation**

13. Defendant admits the allegations in Paragraph 13 of the Complaint.

## "FACTS" RESPONSE

14. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in Paragraph 14 of the Complaint and therefore denies them.

15. Defendant admits the allegations in the first sentence in Paragraph 15 of the Complaint that the Richmond Hotel is open to the public. Defendant states that the remaining allegations attempt to restate statutory and regulatory provisions that speak for themselves and are the best evidence as to their terms and contents and no response to the remaining allegations

is therefore required.  To the extent a response were to be required, Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

16.     Defendant states that the allegations in the first sentence of Paragraph 16 of the Complaint attempt to restate statutory or regulatory provisions that speak for themselves and are the best evidence as to their terms and contents and no response to the these allegations is therefore required.  Defendant states that the remaining allegations are not directed at the Defendant and therefore no response is required. To the extent a response were to be required, Defendant denies the allegations in Paragraph 16 of the Complaint.

17.     Defendant admits that it owns the Website located at www.richmondhotel.com (the "Website").  Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18.     Defendant admits its Website contains information about the rooms at the Richmond Hotel as well as certain policies at the Richmond Hotel.  Defendant admits that a link is available on the Website, which takes a party to another, unaffiliated Website in order to book a room at the hotel.  Defendant admits that the public can learn about amenities offered at the Richmond Hotel from, among other places, the Website.  Defendant states that the final sentence in Paragraph 18 of the Complaint is a conclusion of law and no response thereto is required.  To the extent a response is required, Defendant denies the allegations in the final sentence of Paragraph 18 of the Complaint.

19.     Defendant admits the public can view information about the hotel facilities on the Website.  Defendant admits that a party can click a link on the Website which directs the party to another, unaffiliated website in order to book a room at the hotel.  Defendant denies the remaining allegations in Paragraph 19 of the Complaint including the allegations in footnote 2.

20.     Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant admits that it owns the Website but denies the remaining allegations in Paragraph 21 of the Complaint including the allegations in footnote 3, which are identical to the allegations in footnote 2.

22. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in Paragraph 22 of the Complaint and therefore denies them.

23. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in Paragraph 23 of the Complaint and therefore denies them.

24. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in Paragraph 24 of the Complaint and therefore denies them.

25. Defendant lacks knowledge or information sufficient to from a belief concerning the allegations in Paragraph 25 of the Complaint and therefore denies them.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant lacks knowledge or information sufficient to from a belief concerning the allegations in Paragraph 27 of the Complaint and therefore denies them.

28. Defendant states that the allegations in Paragraph 28 of the Complaint about communicating with the Defendant contradict the allegations in Paragraph 23 of the Complaint and therefore no response is required, but if a response were to be required, Defendant denies these allegations of Paragraph 28 of the Complaint. Defendant denies that Plaintiff was excluded from accessing Defendant's physical hotel location and that Plaintiff was unable to participate in the same manner as provided to the public. Defendant lacks knowledge or information sufficient to from a belief concerning the remaining allegations about Plaintiff's feelings in Paragraph 28 of the Complaint and therefore denies them.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant admits the allegations in Paragraph 32 of the Complaint but denies the allegations constitute a violation of the ADA or any other law.

33. Defendant admits the allegations in Paragraph 33 of the Complaint but denies the allegations constitute a violation of the ADA or any other law.

34. Defendant admits the allegations in Paragraph 34 of the Complaint but denies the allegations constitute a violation of the ADA or any other law.

35. Defendant admits the allegations in Paragraph 35 of the Complaint but denies the allegations constitute a violation of the ADA or any other law.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint including footnote 5.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant admits the allegations in Paragraph 40 of the Complaint but denies the allegations constitute a violation of the ADA or any other law.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant states that the allegations in Paragraph 43 are a conclusion of law and no response thereto is required. To the extent a response were to be required, Defendant denies the allegations in Paragraph 43 of the Complaint.

44. The allegations set forth in the first sentence and footnote 6 of Paragraph 44 of the Complaint attempt to restate the mandate of the ADA which otherwise speaks for itself and is the best evidence as to its terms and content, and no response is therefore required. If a response were to be required, Defendant denies the allegations and implications that it did not comply with the ADA. Defendant denies the remaining allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint as barriers to access to Defendant's auxiliary aids and services do not exist.

46. Defendant denies the allegations in Paragraph 46 of the Complaint including footnote 7.

47. Defendant denies the allegations in Paragraph 47 of the Complaint because such barriers as alleged in Paragraph 47 of the Complaint do not exist.

48. Defendant denies the allegations in Paragraph 48 of the Complaint because such barriers as alleged in Paragraph 48 of the Complaint do not exist.

49. Defendant lacks knowledge or information or information sufficient to form a belief concerning the allegations in Paragraph 49 of the Complaint and therefore denies them.

50. Defendant lacks knowledge or information or information sufficient to form a belief concerning the allegations in Paragraph 50 of the Complaint and therefore denies them.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant states that 28 U.S.C. §§ 2201 and 2202 speak for themselves, are procedural not substantive statutes, and do not determine what is "right and just" and therefore Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant admits only that the Complaint was signed, and filed by Scott R. Dinin, Esq., and the Law Offices of Scott R. Dinin, P.A. but is without knowledge as to the remaining allegations in Paragraph 53 of the Complaint, and therefore denies them.

### **"COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT"**
### **RESPONSE**

54. Defendant alleges and incorporates by reference its responses to the allegations in Paragraphs 1 through 53 above as if set forth fully herein and, therefore, denies the allegations in Paragraph 54 of the Complaint.

### **"Requirement for Effective Communication" Response**

55. Defendant states that the ADA and ADAAG speak for themselves and are the best evidence of their terms and content, and no response to the allegations in Paragraph 55 of the Complaint is required. If a response were to be required, Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant states that the regulations cited in Paragraph 56 of the Complaint speak for themselves and are the best evidence of their terms and content, and no response to the allegations in Paragraph 56 of the Complaint is required. If a response were to be required, Defendant denies that it violated the ADA and its regulations and provisions.

57. Defendant states that the regulation cited in Paragraph 57 of the Complaint speaks for itself and is the best evidence of its terms and content, and no response to the allegations in Paragraph 57 of the Complaint is required. If a response were to be required, Defendant denies that it violated the ADA and its regulations and provisions.

58. Defendant states that the regulation cited in Paragraph 58 of the Complaint speaks for itself and is the best evidence of its terms and content, and no response to the allegations in

Paragraph 58 of the Complaint is required. If a response were to be required, Defendant denies that it violated the ADA and its regulations and provisions.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

**"Defendant's Business is a Place of Public Accommodation" Response**

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant states that the ADA speaks for itself and is the best evidence as to its terms and content, and no response to the allegations in Paragraph 61 of Complaint is required. If a response were to be required, Defendant denies that it violated the ADA and its regulations and provisions.

62. Defendant denies the allegations in Paragraph 62 of the Complaint because a virtual barrier to access does not exist.

**"The Website As A Place of Public Accommodation" Response**

63. Defendant states that the Department of Justice can speak of itself on its positions and those positions' meaning and intent, and no response thereto is required. Defendant denies that websites of entities covered by Title III of the ADA are required to be accessible based on the Department of Justice having so opined as the Department's position is inconsistent with the holdings of a number of circuit courts of appeal and the law. Defendant denies that the allegations of Paragraph 63 of the Complaint including footnote 11 entitle Plaintiff to any relief.

64. Defendant states that the case law cited in Paragraph 64 of the Complaint, as well as the federal circuit where the court cited is located, speaks for itself and is the best evidence as to its content and precedential value, and therefore no response to the allegations of Paragraph 64 of the Complaint is required. If a response were to be required, Defendant denies the allegations of Paragraph 64 of the Complaint.

65. Defendant states that the case law cited in Paragraph 65 of the Complaint, as well as the federal circuit where the court cited is located, speaks for itself and is the best evidence as to its content and precedential value, and therefore no response to the allegations of Paragraph 65 of Complaint is required. If a response were to be required, Defendant denies the allegations of Paragraph 65 of the Complaint.

66. Defendant states that the allegations in Paragraph 66 of the Complaint are identical to the allegations in Paragraph 63 of the Complaint. Defendant reasserts its response to Paragraph 66 of the Complaint as if fully set forth herein. If a response were to be required, Defendant denies the allegations of Paragraph 66 of the Complaint including footnote 12.

67. Defendant admits that the Website contains information regarding the hotel's location. Defendant admits that a link on the Website allows parties to reserve a room at the hotel through an unaffiliated website. Defendant denies the Website is the integral and the sole ability for information or reservations and Defendant also denies the remaining allegations in Paragraph 67 of the Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Defendant denies its representatives referred individuals to its Website and otherwise denies the allegations in Paragraph 69 of the Complaint.

70. Defendant denies the allegations in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

72. Defendant states that the case law cited in Paragraph 72 of the Complaint, as well as the federal circuit where the court cited is located, speaks for itself and is the best evidence as to its content and precedential value, and no response is therefore required. If a response were to

be required, Defendant denies the remaining allegations in Paragraph 72 of the Complaint. Defendant denies the remaining allegations in Paragraph 72 of the Complaint.

73. Defendant states that the statutory provision cited in Paragraph 73 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response to the allegations in Paragraph 73 of the Complaint is therefore required. Defendant denies any alleged implication in Paragraph 73 of the Complaint that suggests that Defendant violated the ADA.

74. Defendant states that the statutory provision cited in Paragraph 74 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response to the allegations in Paragraph 74 of the Complaint is therefore required. Defendant denies any alleged implication in Paragraph 74 of the Complaint that suggests that Defendant violated the ADA.

75. Defendant states that the statutory provision cited in Paragraph 75 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response to the allegations in Paragraph 75 of the Complaint is therefore required. Defendant denies any alleged implication in Paragraph 75 of the Complaint that suggests that Defendant violated the ADA.

**"Barriers to Access" Response**

76. Defendant denies the allegations in Paragraph 76 of the Complaint.

77. Defendant denies the allegations in Paragraph 77 of the Complaint.

78. Defendant denies the allegations in Paragraph 78 of the Complaint including subsections 1-3.

Case 1:17-cv-22342-KMW   Document 8   Entered on FLSD Docket 08/28/2017   Page 12 of 15

CASE NO. 1:17-cv-22342-WILLIAMS-TORRES

79. Defendant denies the allegations in Paragraph 79 of the Complaint including subsections 1-7.

80. Defendant denies the allegations in Paragraph 80 of the Complaint.

81. Defendant admits that the Website does not have the universal symbol for accessibility but denies that this is a violation of the ADA or any other law.

82. Defendant denies the allegations in Paragraph 82 of the Complaint.

83. Defendant denies the allegations in Paragraph 83 of the Complaint.

**"Violations of the ADA" Response**

84. Defendant denies the allegations in Paragraph 84 of the Complaint.

85. Defendant admits that the ADA vests the Court with authority to grant certain relief but not all alleged requests in Paragraph 85 of the Complaint and subparagraphs (a), (b), and (c). Defendant denies that Plaintiff is entitled to any relief whatsoever.

86. Defendant denies the allegations in Paragraph 86 of the Complaint.

87. Defendant denies the allegations in Paragraph 87 of the Complaint.

**"Demand for Relief" Response**

Regarding the Wherefore clause of the Complaint, and its corresponding subsections, (a), (b), (c), (d), (e), (f), (g), (h), (i), and (j), Defendant denies that any grounds exist for declaratory, injunctive, or equitable relief, or for monetary damages or attorneys' fees, costs, and expenses, or any other relief against Defendant and for Plaintiff. Defendant further denies all captions, headings, titles, introductory paragraphs and allegations in the Complaint not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because he lacks standing to bring some or all of the claims alleged in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has requested relief that is either not required under the law or that regards elements that are already in compliance with the ADA.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the relief demanded would, if granted, result in a fundamental alteration to the way that the Defendant provides goods and services to the public, or is otherwise not required as a matter of law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has demanded modifications that are not readily achievable or are technically infeasible.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has demanded relief that would create an undue burden on the Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Defendant provides effective communication for persons who are blind or vision impaired to allow them to transact business of the same nature as persons without vision-related disabilities using the Website.

### SEVENTH AFFIRMATIVE DEFENSE

The Website is not a *place of public accommodation* under the ADA and therefore Plaintiff's claims should be dismissed.

CASE NO. 1:17-cv-22342-WILLIAMS-TORRES

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because there is not a nexus between the Website and the Richmond Hotel.

### NINTH AFFIRMATIVE DEFENSE

Defendant asserts all other defenses that may potentially become available as a result of information developed through discovery and any trial.

### CLAIM FOR ATTORNEYS' FEES

Defendant has retained the law firm of Greenberg Traurig, P.A., and has agreed to pay it a reasonable fee for its services. Pursuant to 28 U.S.C. §1927 and 42 U.S.C. §12205, and applicable law, Defendant is entitled to recover attorneys' fees and costs incurred in this action.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**

333 SE 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile:  (305) 579-0717

By:   /s/ Robert S. Fine
ROBERT S. FINE
Florida Bar No. 155586
E-mail: FineR@gtlaw.com
ROBERT S. GALBO
Florida Bar No. 106937
E-mail: GalboR@gtlaw.com

CASE NO. 1:17-cv-22342-WILLIAMS-TORRES

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

              /s/ Robert S. Fine
              ROBERT S. FINE

## SERVICE LIST

*Andres Gomez, v. Wallace Corporation d/b/a Richmond Hotel and www.richmondhotel.com*
**Case No.: 1:17-cv-22342-WILLIAMS-TORRES**
**United States District Court, Southern District of Florida**

*Counsel for Plaintiff*:

**SCOTT R. DININ, P.A.**
Scott R. Dinin, Esq.
4200 NW 7th Avenue
Miami, FL  33127
Tel: (786) 431-1333
E-mail: inbox@dininlaw.com